# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-529-RJC-DCK

| | |
|---|---|
| ERIC HUGHES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHARLOTTE, )<br>)<br>Defendant. )<br>) | MEMORANDUM AND<br>RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 7). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Eric Hughes ("Plaintiff" or "Hughes"), appearing *pro se*, initiated this action with the filing of a form "Complaint For Violation Of Civil Rights" (Document No. 1) on October 1, 2021. The Complaint is brought against the City of Charlotte, North Carolina and/or the Mayor of the City of Charlotte. (Document No. 1, p. 2). The Complaint indicates that it is filed pursuant to 42 U.S.C. §1983, based on an alleged deprivation of the right to a "fair trial" by state or local officials. (Document No. 1, p. 3).

Plaintiff's Complaint seems to stem from a car accident on April 30, 2016. (Document No. 1, p. 4). Plaintiff alleges that he was involved in the accident and that an eyewitness, Kyle Murray, has evidence that the other driver had been drinking alcohol. Id. Plaintiff contends that

one or more unnamed Charlotte Mecklenburg Police Department ('CMPD") officers failed to respond appropriately to the accident and/or that they or the City of Charlotte somehow prevented Plaintiff from pursuing a lawsuit against CMPD. (Document No. 1, pp. 4-5, 7). Plaintiff concludes that this incident has caused him stress and contributed to his acid reflux disease. Id. Plaintiff asserts that he is entitled to damages totaling **$2,025,000.00**. (Document No. 1, p. 8).

The City of Charlotte ("Defendant") filed the pending "…Motion To Dismiss" (Document No. 7) on December 10, 2021. Defendant contends that dismissal is appropriate under Fed.R.Civ.P. 12(b)(1), (2), (5), and (6). (Document Nos. 7 and 7-1).

The undersigned issued a Roseboro Order on December 10, 2021, advising *pro se* Plaintiff that he had the right to respond to Defendant's motion to dismiss, and that failure to file a timely and persuasive response might lead to the dismissal of this lawsuit. (Document No. 8). Plaintiff has failed to file a response or to seek additional time to file a response.

The pending motion is now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed."

2

Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

3

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant presents concise and persuasive arguments in support of dismissal. (Document No. 7-1).

Defendant first notes that Plaintiff has previously filed a lawsuit with this Court related to the underlying accident. (Document No. 7-1, p. 2) (citing Hughes v. Charlotte-Mecklenburg Police Department, No. 3:20-CV-063-RJC-DCK (W.D.N.C. Jan. 30, 2020)). "The allegations raised in Plaintiff's first Complaint are substantially similar to the allegations raised in Plaintiff's current Complaint." Id. The undersigned issued a "Memorandum And Recommendation" in the prior case on May 7, 2021, recommending dismissal pursuant to Fed.R.Civ.P. 12(b)(6), that was adopted by Judge Conrad's Order on August 19, 2021. See Hughes v. Charlotte-Mecklenburg Police Department, No. 3:20-CV-063-RJC-DCK, 2021 WL 3699860 (W.D.N.C. Aug. 19, 2021).

Based on the foregoing, Defendant argues that this case should be dismissed pursuant to the doctrine of res judicata. (Document No. 7-1, pp. 4-5). Defendant notes that the "doctrine prevents 'parties from relitigating actions after a final judgment on the merits has been rendered in a previous action on the same claim.'" (Document No. 7-1, p. 4 (quoting Armstrong v. Koury Corp., 16 F.Supp.2d 616, 618 (M.D.N.C. 1998) aff'd 168 F.3d 481 (4th Cir. 1999)). According to Defendant, "Plaintiff's prior lawsuit meets all the elements necessary for res judicata to apply." (Document No. 7-1, p. 5).

Next, Defendant argues that Plaintiff's suit is barred by the applicable statute of limitations. (Document No. 7-1, pp. 5-6). Defendant notes that the accident underlying Plaintiff's claim occurred on April 30, 2016, and that North Carolina's three-year statute of limitations for personal

injury claims applies to this lawsuit and precludes Plaintiff's claim(s) filed on October 1, 2021. Id. (citations omitted).

Finally, Defendant argues that this Court lacks subject matter jurisdiction. (Document No. 7-1, pp. 6-8). Defendant notes that there is no diversity of citizenship between the parties and that no federal question has been raised. Id. Defendant asserts that:

> Plaintiff does not identify a federal law or Constitutional provision Defendant is alleged to have violated. Rather, Plaintiff seems to be upset that the CMPD officer did not investigate the accident and the other driver as Plaintiff felt he should. Even if Plaintiff's allegations are correct, there are no allegations that implicate the United States Constitution or federal laws that would provide this court with jurisdiction.

(Document No. 7-1, p. 7).

The undersigned finds Defendant's arguments and legal authority to be compelling. (Document No. 7-1). Moreover, *pro se* Plaintiff has failed to file any response to the motion to dismiss, or to make any other filing with this Court since "Defendant's Motion To Dismiss" was filed. Plaintiff's inaction suggests that he has abandoned his claims.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss" (Document No. 7) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and

5

Case 3:21-cv-00529-RJC-DCK   Document 9   Filed 04/25/22   Page 5 of 6

Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: April 22, 2022

David C. Keesler
United States Magistrate Judge